ORIGINAL

ECF

FILED
SEP 1 6 2004
U.S. COURT OF
FEDERAL CLAIMS

**BEFORE THE FEDERAL CLAIMS COURT**
**OF THE UNITED STATES OF AMERICA**

HEUBECK SPRINKLER INSPECTION CO., INC. *
517 Dunkirk Road
Baltimore, Maryland 21212 *

Plaintiff * 04-1470C

v. * Case No.:

GENERAL SERVICES ADMINISTRATION *
301 7th Street, SW
Washington, D.C. 20407-0001 *
**SERVE ON:**
**Solicitor General** *
301 7th Street, SW
Washington, D.C. 20407-0001 *

* * * * * * * * * * * * *

**COMPLAINT**

NOW COMES Plaintiff, Heubeck Sprinkler Inspection Co., Inc., (hereafter "HSIC" or "Heubeck") by its undersigned counsel, Michael J. Moran and the Law Office of Curtis C. Coon, LLC, sues the Defendant, General Services Administration, for money damages in the amount of One Hundred Thousand Dollars ($100,000.00).

In support of its Complaint, Plaintiff states that:

JURISDICTION

1. Jurisdiction is conferred upon this Court pursuant to the provisions of federal statute, Title 41 U.S.C. § 601, et seq.

VENUE

2. Venue is correct in this Court because the Defendant, General Services Administration, is an instrumentality of the federal government that conducts business

throughout the country including Washington, D.C., and the claim at issue in this case arises from a contract that was made between the parties in Washington, D.C.

THE PARTIES

3. HSIC, is a Maryland Corporation organized pursuant to the laws of this State, that, at all times relevant to the allegations contained in this Complaint, carried on business in the State of Maryland and/or the District of Columbia.

4. At all times relevant to this Complaint, Defendant, General Services Administration, (hereafter "GSA"), was an instrumentality of the United States government, engaged primarily in the drafting, competitive bidding, award and administration of public contracts.

ALLEGATIONS COMMON TO ALL COUNTS

5. GSA issued a request for proposal (hereafter "RFP") Sol. No. GS 11P YAD 0030, Req. No. WPH 01 0252 on July 18, 2001.

6. The solicitation to bid invited bidders to submit proposals upon a "...contract for fire pump annual inspection, testing and maintenance in accordance with NFPA 25..."

7. The RFP called for the inspection and maintenance of fire pumps, and or fire protection systems at 150 properties private either within the District of Columbia or the greater Washington-Montgomery County-Prince George's County area, over a period of five years.

8. HSIC duly submitted a response to the RFP and proposed to provide inspection and maintenance on all 150 properties, at a price of $800.00 per electric pump and $800.00 per diesel pump from the initial year through year three. After year three,

HSIC's price increased to $825.00 per diesel and electric pump for the remainder of the contract.

9. Although the contract was initially drafted contemplating a "sole source" of supply, GSA nevertheless elected to make a multiple award of the contract. GSA, in effect, divided the contract among three (3) successful bidders, one of whom was HSIC, effectively reducing the amount of work that any one bidder, including HSIC, could expect to receive from 150 properties to 50.

10. The number of potential properties to which HSIC expected to provide serviced was further reduced, in effect by GSA, from 50 to 22. The reduction occurred because HSIC did not have the security clearance required to permit it to obtain entry to the facilities. HSIC had inquired before submitting its proposal, however, whether security clearance would be necessary and was assured that security clearance were unnecessary, or, if required, the contractor would be escorted. HSIC, relying upon that representation made in direct response to its own inquiry, submitted its proposal.

11. HSIC and GSA entered into a change order, as a result of GSA's multiple award of the contract, by which HSIC's price, per pump, was increased from $800.00 to $1,675.00, and finally to $1,800.00.

12. During the initial term of the contract, HSIC inspected and/or provided maintenance services to three properties.

13. In or about December 2002, GSA terminated its agreement with HSIC.

14. After it was awarded the contract, HSIC was required to make substantial expenditures upon equipment to equip itself properly to perform the contract.

15. On November 22, 2003 HSIC submitted a claim for money damages to the contracting office.

16. On or about March 17, 2004, the contracting officer rendered a decision denying HSIC's claim.

17. Thereafter, HSIC filed the instant suit in the Federal Court of Claims.

COUNT I
BREACH OF STATUTE

18. HSIC re-alleges and incorporates by reference, as is fully set forth here the allegations contained in paragraphs 1-17 inclusive.

19. Section 52.212(e) of the Federal Acquisition Regulations provides that in the event the government terminates the contract for convenience, the contractor is entitled to a monetary award based upon "...reasonable changes the contractor can demonstrate to the satisfaction of the government, using its standard record keeping procedure, have resulted from the termination...".

20. GSA terminated its contract with HSIC for convenience.

21. As a direct and proximate result of GSA's termination for convenience, HSIC has sustained losses it is unable to recover because the government has prematurely terminated its agreement

WHEREFORE, Defendant, Heubeck Sprinkler Inspection Co., Inc., claims damages in the amount of One Hundred Thousand Dollars ($100,000.00).

COUNT II
BREACH OF CONTRACT

22. HSIC re-alleges and incorporates by reference the allegations contained in paragraphs 1-21 inclusive, as if fully set forth here.

23. GSA either promised to HSIC or otherwise created, on HSIC's part, a reasonable expectation that HSIC would be able to provide inspection and/or maintenance service to 50 properties.

24. Implied in the contract with HSIC was a covenant of good faith and fair dealing.

25. GSA breached its covenant of good faith and fair dealing by its maladministration of the contract.

26. As a result and proximate result of its breach of the contract, HSIC has sustained damages.

WHEREFORE, Plaintiff, Heubeck Sprinkler Inspection Co., Inc. requests that this Court pass an Order.

1. Entitling judgment in its favor in the amount of One Hundred Thousand Dollars ($100,000.00).

Michael J. Moran, Esquire
Law Office of Curtis C. Coon, LLC
305 W. Chesapeake Avenue, Suite 105
Towson, Maryland 21204
(410) 825-5717

Attorney for Plaintiff

10 September 2004
Date of Signing