IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEUBECK SPRINKLER INSPECTION COMPANY, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1470c (Judge Bush) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of the contents; otherwise denies.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

8. Admits the allegations contained in paragraph 8 to the extent supported by the document to which it refers, which is the best evidence of the contents; otherwise denies.

9. Denies the allegations contained in the first clause of the first sentence of paragraph 9. Admits the allegations contained in the second clause of the first sentence of paragraph 9. Admits the allegations contained in the second clause of paragraph 9 to the extent supported by the text of the document to which it refers, which is the best evidence of its contents; otherwise denies.

10. Admits the allegations contained in the first sentence of paragraph 10 only to the extent supported by the contract, which is the best evidence of its contents; otherwise denies. Denies the allegations contained in the second sentence of paragraph 10. Admits the allegations contained in the third sentence of paragraph 10 only to the extent supported by the text of the document which it refers, which document is the best evidence of its contents, and otherwise denies. Admits that HSIC submitted a proposal; denies the remainder of the fourth sentence of paragraph 10 as to what Plaintiff "rel[ied] upon" for lack of

knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 only to the extent supported by the modification of the contract, which is the best evidence of its contents; otherwise denies.

12. Admits that HSIC was assigned three task orders; otherwise denies allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the text of the document to which it refers, which is the best evidence of its contents; otherwise denies.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations in paragraph 15 only to the extent supported by the text of the document to which it refers, which is the best evidence of its contents, and otherwise denies.

16. Admits.

17. Admits.

18. Repeats and realleges the responses to paragraphs 1-17.

19. Admits the allegations of paragraph 19 only to the extent supported by the text of the document to which it refers, which document is the best evidence of its contents.

20. The allegation contained in paragraph 20 is a conclusion of law to which no answer is required.

21. The allegations contained in the first sentence of paragraph 21 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied. The remainder of paragraph 21 constitutes the Plaintiff's prayer for relief and does not require a responsive pleading.

22. Repeats and realleges the responses to paragraphs 1-21.

23. Denies the allegations contained in paragraph 23.

24. The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required.

27. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 26, or to any relief whatsoever.

28. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

29. Plaintiff's claims are barred in whole or in part by accord and satisfaction.

30. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

WHEREFORE, defendant respectfully requests that the Court enter judgment for defendant, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Donald E. Kinner
DONALD E. KINNER
Assistant Director

S/Cristina C. Ashworth
CRISTINA C. ASHWORTH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

OF COUNSEL:

STEPHEN L. SCHWARTZ
Assistant Regional Counsel
U.S. General Services Administration
301 Seventh St., S.W.
Washington, D.C. 20407

Tele: (202) 307-0361
Fax: (202) 514-7965

December 15, 2004 Attorneys for Defendant

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify under penalty of perjury that on this 15th day of December, 2004, I caused to be served by United States mail (first class mail, postage prepaid) a copy of "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES" addressed as follows:

Michael Moran
The Law Office of Curtis C. Coon, LLC
305 W. Chesapeake Avenue
Suite 105
Towson, MD 21204

S/Tara Hogan