IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEUBECK SPRINKLER INSPECTION CO., INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1470 (Judge Bush) (ADR Judge Hodges) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims,("RCFC") the parties respectfully submit the following joint preliminary status report.

I. Description of Case:

A. Nature of Case

This case arises out of contract no. RFP-GS11P01YAD0030 ("the contract") awarded to Heubeck Sprinkler Inspection Co., Inc. ("HSIC") on December 21, 2001, by the General Services Administration ("GSA") for fire pump inspection. The contract was an indefinite delivery/indefinite quantity contract, with a minimum award price of $1500 for the initial year, with four option years. After the first year, GSA declined to exercise its option to renew the contract. HSIC now claims $100,000 as costs for termination for convenience.

B. Causes of Action

HSIC alleges $100,000 in damages costs stemming from what it

deems to be the termination for convenience.

C. Statement of Facts

On June 28, 2001, GSA posted a pre-solicitation notice for the acquisition of fire pump inspection services. The notice indicated that the contract was an "indefinite delivery indefinite quantity contract," as defined by 48 C.F.R. § 16.504(a). The solicitation, which was publicized on July 19, 2001, also indicated that the Government could elect to award the contract to more than one source.

On December 21, 2001, the contract was awarded to three bidders, including HSIC. The contract award indicated a $1500 minimum guarantee award price and a $50,000 maximum estimate.

On July 22, 2002, the contract was modified to reduce the estimated number of fire pumps and to accept an increase in the price per pump service. During the base period of the contract, HSIC performed three task orders for GSA, for a combined total of $4800 worth of work. On December 10, 2002, the contracting officer informed HSIC that GSA would not exercise its options to renew the subject contract for subsequent years.

HSIC submitted a claim in the amount of $56,880.55 for reasonable charges for what it deemed a termination for convenience. This claim was formally denied by the agency on March 17, 2004.

II. Answers to Appendix A

A. Jurisdiction:

HSIC believes that the Court has jurisdiction pursuant to the Contracts Disputes Act, 41 U.S.C. § 601 et seq. Defendant has identified no reason to question the jurisdiction of the Court at this time.

B. Consolidation:

The parties agree that, at this time, this case should not be consolidated with any other case.

C. Bifurcation:

The parties do not believe that bifurcation of liability and damages is appropriate.

D. Deferral:

The parties agree that this case should not be deferred pending resolution of any other cases.

E. Remand/Suspension:

Neither party seeks remand or suspension.

F. Joinder:

Neither party intends to join additional parties at this time.

G. Dispositive Motions:

At this time, the parties cannot state whether dispositive motions will be filed. After discovery has been completed, the

parties may submit cross-motions for summary judgment pursuant to RCFC 56.

H. Relevant Issues:

Based upon a preliminary review of the case, the parties agree that the following relevant issues appear in this case:

(1) Whether the contract was terminated for convenience or whether the Government declined to exercise renewal options.

(2) Whether the Government fulfilled its obligation to provide the guaranteed minimum award.

(3) Whether, if the Government improperly terminated the contract, Plaintiff is entitled to damages, and if so, in what amount.

The Plaintiff believes that the following additional issue appears in this case:

(4) Whether the Government breached the contract by failing to administer the contract in good faith.

I. Settlement:

During discovery or after discovery is completed, the parties will be in a better position to further evaluate the likelihood of settlement.

J. Trial/Proposed Schedule:

As stated above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not

submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. Neither party requests expedited scheduling. The requested place of trial is either Washington, D.C., or Baltimore, MD. The parties may conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose a discovery deadline of September 30, 2005.

K. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

L. Additional Information

The parties have no additional information of which the Court should be aware at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Donald E. Kinner
DONALD E. KINNER
Assistant Director

S/Michael J. Moran
MICHAEL J. MORAN
Law Office of Curtis C. Coon, LLC
305 W. Chesapeake Ave, Ste. 105

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch

| | |
|---|---|
| Towson, MD 21204 | Civil Division |
| Tel: (410) 825-5717 | Department of Justice |
| | Attn: Classification Unit |
| | 8th Floor |
| | 1100 L Street, N.W. |
| | Washington, D.C. 20530 |
| | Tel: (202) 307-1011 |
| Attorney for Plaintiff | Attorneys for Defendant |

CERTIFICATE OF FILING

I hereby certify that on this 7th day of February, 2005 a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Tara K. Hogan