# In the United States Court of Federal Claims

No. 04-1470 C

(Filed February 14, 2005)

* * * * * * * * * * * * * * * * * * * * * * * *
HEUBECK SPRINKLER INSPECTION *
COMPANY, INC., *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * * * *

## PRELIMINARY SCHEDULING ORDER

On February 7, 2005, the parties, pursuant to Appendix A, ¶ 4 of the Rules of the United States Court of Federal Claims (RCFC) filed their joint preliminary status report (JPSR). Therein, the parties reported to the court that they anticipate that this case will go forward to litigation.[1] In that regard, counsel for the respective parties request that the parties be permitted to engage in discovery, explore settlement and determine if filing a dispositive motion is appropriate in lieu of or in addition to trial.

Upon an examination of the pleadings and the JPSR, pursuant to RCFC 16(b), it is **ORDERED** that the following preliminary schedule is established:

(1) Initial Disclosures, pursuant to RCFC 26(a), shall be exchanged between

---

[1]/ Insofar as this case is simultaneously engaged in the court's Alternative Disputes Resolution Pilot Program, the undersigned encourages the parties to take full advantage of that forum as an avenue to resolve this lawsuit prior to the expenditure of time and resources necessary for litigation.

the parties on or before **March 1, 2005**.[2]

(a) For the damages disclosure required by RCFC 26(a)(1)(C) and, subsequently, exhibits proposed in accordance with Appendix A, ¶13(a), any and all items and figures from books of account or other records, which are to be introduced into evidence in this matter, and any calculations or estimates derived therefrom, shall be set forth on separate schedules or summaries and so provided and disclosed to opposing counsel during the discovery period;

(b) Any schedule or summary provided pursuant to paragraph (1)(a) shall be accompanied by a statement describing the source(s) for the items or figures listed (ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time, during the discovery period, when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each schedule or summary and who shall be made available to the opposing party during an examination or audit of the source material to provide information and explanations required for verification of the listed items or figures.

(c) Upon receipt of a schedule or summary pursuant to paragraph (1)(a), receiving counsel shall provide for an examination or audit of the source material by a person(s) qualified to present testimony and thereafter provide opposing counsel with a statement during the discovery period, admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted by opposing counsel, which statement shall address each item and figure submitted and reflect and set forth the results of the examination or audit of the source material from which the submissions were derived and shall set forth the reason(s) for any denial of accuracy as to specific items or figures, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissibility as to specific items or figures, keyed to the applicable Federal Rule(s) of Evidence;

(d) Proposed trial exhibits exchanged pursuant to Appendix A, ¶ 13(a) shall include schedules setting forth *all* items and figures from books of

---

[2]/ The parties failed to inform the court of when they would prefer to complete exchange of initial disclosures. If the date assigned creates a hardship upon counsel, counsel may request an enlargement of time.

account or other records, and calculations and estimates derived therefrom, which a party intends to introduce into evidence with appropriate identification of those specific scheduled items, figures, calculations and estimates thereon which, on the basis of pretrial examinations or audit and exchanges are contested as to accuracy or admissibility, so that evidentiary proceedings as to items and figures shall thereafter be limited to those identified as contested.

(2) All **fact discovery**, including production of documents, depositions, interrogatories and requests for admissions shall be **COMPLETED** on or before **September 30, 2005**.[3]

(3) The parties shall comply with all requirements of RCFC 26(a)(2) with respect to disclosure of expert testimony within the stated discovery deadline unless the parties request additional time for expert discovery and/or disclosure.

(4) On **October 14, 2005,** counsel are directed to **FILE** a **Joint Status Report** informing the court of the status of proceedings in the case and the extent to which the parties have determined whether any or all of the instant matter may be settled. The status report shall also set forth a proposed schedule for the exchanges required by Appendix A, ¶ 13 and the filings required by ¶¶ 14 through 17. In the event that any dispositive motions are to be filed, the status report shall state a proposed date for such motions.

s/Lynn J. Bush
LYNN J. BUSH
Judge

---

3/ The parties' JPSR did not indicate whether expert discovery was contemplated and, if so, whether it is to be completed by the stated discovery deadline. In the event that additional time beyond the September 30, 2005 discovery deadline is necessary for counsel to comply with the requirements of RCFC 26(a)(2), counsel shall submit a request to the court in that regard prior to the discovery deadline.