BEFORE THE COURT OF FEDERAL CLAIMS
OF THE UNITED STATES OF AMERICA

HEUBECK SPRINKLER INSPECTION CO., INC. *

Plaintiff

v. * Case No.: 04 1470

UNIRED STATES OF AMERICA

*

* * * * * * * * * * * * *

AMENDED COMPLAINT

NOW COMES Plaintiff, Heubeck Sprinkler Inspection Co., Inc., (hereafter "HSIC" or "Heubeck") by its undersigned counsel, Michael J. Moran and the Law Office of Curtis C. Coon, LLC, sues the Defendant, General Services Administration, for money damages in the amount of One Hundred Thousand Dollars ($100,000.00).

In support of its Complaint, Plaintiff states that:

JURISDICTION

1. Jurisdiction is conferred upon this Court pursuant to the provisions of federal statute, Title 41 U.S.C. § 601, et seq.

VENUE

2. Venue is correct in this Court because the Defendant, General Services Administration, is an instrumentality of the federal government that conducts business

throughout the country including Washington, D.C., and the claim at issue in this case arises from a contract that was made between the parties in Washington, D.C.

THE PARTIES

3. HSIC, is a Maryland Corporation organized pursuant to the laws of this State, that, at all times relevant to the allegations contained in this Complaint, carried on business in the State of Maryland and/or the District of Columbia.

4. At all times relevant to this Complaint, Defendant, General Services Administration, (hereafter "GSA"), was an instrumentality of the United States government, engaged primarily in the drafting, competitive bidding, award and administration of public contracts.

ALLEGATIONS COMMON TO ALL COUNTS

5. GSA issued a request for proposal (hereafter "RFP") Sol. No. GS 11P YAD 0030, Req. No. WPH 01 0252 on July 18, 2001.

6. The solicitation to bid invited bidders to submit proposals upon a "...contract for fire pump annual inspection, testing and maintenance in accordance with NFPA 25..."

7. The RFP called for the inspection and maintenance of fire pumps, and or fire protection systems at 150 properties private either within the District of Columbia or the greater Washington-Montgomery County-Prince George's County area, over a period of five years.

8. HSIC duly submitted a response to the RFP and proposed to provide inspection and maintenance on all 150 properties, at a price of $800.00 per electric pump and $800.00 per diesel pump from the initial year through year three. After year three,

HSIC's price increased to $825.00 per diesel and electric pump for the remainder of the contract.

9. Although the contract was initially drafted contemplating a "sole source" of supply, GSA nevertheless elected to make a multiple award of the contract. GSA, in effect, divided the contract among three (3) successful bidders, one of whom was HSIC, effectively reducing the amount of work that any one bidder, including HSIC, could expect to receive from 150 properties to 50.

10. The number of potential properties to which HSIC expected to provide serviced was further reduced, in effect by GSA, from 50 to 22. The reduction occurred because HSIC did not have the security clearance required to permit it to obtain entry to the facilities. HSIC had inquired before submitting its proposal, however, whether security clearance would be necessary and was assured that security clearance were unnecessary, or, if required, the contractor would be escorted. HSIC, relying upon that representation made in direct response to its own inquiry, submitted its proposal.

11. Moreover: (a) the bid documents did not inform HSIC that the building manager(s) of the properties were not required to utilize the services of HSIC (or, for that matter, any of the other two contract awardees); (b) GSA apparently had no authority to require the building managers to utilize the contract; and (c) prior to the issuance of the bid documents, GSA evidently made no effort either to ascertain whether and/or the extent to which the building managers were utilizing the services of sprinkler inspection contractors or make whatever arrangements were necessary to require the building managers to utilize the successful bidders' services. Unaware of the fact that GSA evidently neither required nor had the authority to require the building managers to utilize

the services of the contract awardees, HSIC relied on the bid documents and/or the reasonable expectation that the bid documents created that HSIC, notwithstanding the minimum specified quantity, would likely test 50 pumps, especially considering the fact that under the applicable fire and safety code regulations, (NFPA # 25) the pumps are required to be tested annually and, consequently, the services of the inspection company are therefore required to perform the annual testing.

12. HSIC and GSA entered into a change order, as a result of GSA's multiple award of the contract, by which HSIC's price, per pump, was increased from $800.00 to $1,675.00, and finally to $1,800.00.

13. During the initial term of the contract, HSIC inspected and/or provided maintenance services to three properties.

14. In or about December 2002, GSA terminated its agreement with HSIC.

15. After it was awarded the contract, HSIC was required to make substantial expenditures upon equipment to equip itself properly to perform the contract.

16. On November 22, 2003 HSIC submitted a claim for money damages to the contracting office.

17. On or about March 17, 2004, the contracting officer rendered a decision denying HSIC's claim.

18. Thereafter, HSIC filed the instant suit in the Federal Court of Claims.

COUNT I
<u>BREACH OF STATUTE</u>

19. HSIC re-alleges and incorporates by reference, as is fully set forth here the allegations contained in paragraphs 1-17 inclusive.

20. Section 52.212(e) of the Federal Acquisition Regulations provides that in the event the government terminates the contract for convenience, the contractor is entitled to a monetary award based upon "…reasonable changes the contractor can demonstrate to the satisfaction of the government, using its standard record keeping procedure, have resulted from the termination…".

21. GSA terminated its contract with HSIC for convenience.

22. As a direct and proximate result of GSA's termination for convenience, HSIC has sustained losses it is unable to recover because the government has prematurely terminated its agreement

WHEREFORE, Defendant, Heubeck Sprinkler Inspection Co., Inc., claims damages in the amount of One Hundred Thousand Dollars ($100,000.00).

COUNT II
BREACH OF CONTRACT
(Good Faith)

23. HSIC re-alleges and incorporates by reference the allegations contained in paragraphs 1-22 inclusive, as if fully set forth here.

24. GSA either promised to HSIC or otherwise created, on HSIC's part, a reasonable expectation that HSIC would be able to provide inspection and/or maintenance service to 50 properties.

25. Implied in the contract with HSIC was a covenant of good faith and fair dealing.

26. GSA breached its covenant of good faith and fair dealing by its maladministration of the contract, including, but not limited to its failure to use reasonable care and good faith in calculating its estimated needs under the Contract and

determining the level of services actually required by it during performance of the contract.

27. As a result and proximate result of its breach of the contract, HSIC has sustained damages.

WHEREFORE, Plaintiff, Heubeck Sprinkler Inspection Co., Inc. requests that this Court pass an Order.

1. Entering judgment in its favor in the amount of One Hundred Thousand Dollars ($100,000.00).

COUNT III
BREACH OF CONTRACT
("Superior Knowledge")

28. HSIC realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 inclusive.

29. As part of its contract with HSIC, GSA undertook a duty to disclose to HSIC knowledge that it possessed that would affect the performance of the contract but that was either unknown or not reasonably discoverable by HSIC.

30. GSA breached its duty to disclose the "superior knowledge" that it possessed when it failed to inform HSIC that: (a) the building mangers were not required to utilize HSIC's service; (b) GSA had no means of requiring the building managers to use HSIC's services.

31. The information that GSA failed to disclose was vital information and affected the performance of the contract.

32. GSA was aware that HSIC was unaware of the fact that the building managers were not required to use HSIC's services and that HSIC had no reason either to inquire concerning such fact.

33. Nothing in the bid documents contained information that would put HSIC on notice to make such inquiry.

34. As a direct result of GSA's failure to disclose the information, HSIC has been damaged.

WHEREFORE, HSIC requests that this Court enter an Order:

1. Entering Judgment in its favor on the amount of $100,000.00.

COUNT IV
(Misrepresentation")

35. HSIC realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34 inclusive

36. GSA represented the fact that security clearances were not required, or, in those cases where security clearances were required, the contractor would be escorted; the RFP also failed to mention the fact that the property/building managers were not required to use the services of HSIC during the term of the contract.

37. HSIC relied upon the representation and/or the failure to include the fact that buildng/property managers were not required to use the services of HSIC, or for that matter, any other awardee.

38. The representation was inaccurate and HSIC was misled by the error.

39. Based upon the misrepresentation, HSIC submitted a bid and, as a direct result of the misrepresentation, sustained damages.

WHEREFFORE, Plaintiff requests that this Court enter an Order:

1. ENTERING JUDGMENT in Plaintiff's favor in the sum of $100,000.00

COUNT V
("Breach of Warranty")

40. HSIC realleges and incorporates by reference the allegations contained in paragraphs 1 through 39 inclusive.

41. When GSA made the contract specifications available to HSIC, It impliedly warranted to HSIC that the contract specifications were free from error and otherwise not defective.

42. The contract specifications were defective in that the specifications represented that security clearances were either not required or that the contractor would be escorted.

43. The contract specifications were further defective in that the specifications omitted mention of the fact that neither the building nor property managers were required to use HSIC's services and/or that GSA was otherwise not in a position to require that the property/building managers utilize the services of HSIC, or any other contract awardee.

44. As the result of the breach of the implied warranty, HSIC was damaged.

WHEREFORE, HSIC requests that this Court enter an Order:

1. ENTERING JUDGMENT in HSIC's favor on the amount of $100,000.00.

COUNT VI
("Detrimental Reliance")

45. HSIC realleges and incorporates by reference the allegations contained in paragraphs 1 through 434 inclusive.

46. When HSIC submitted its proposal in response to the RFP it relied upon the information contained in the RFP, including the information that security clearances were not required and/or that contactors would be escorted; pumps were to be tested according to NFPA # 25; as well as the lack of any indication that the building/property managers were not required to use HSIC's services.

47. The failure to include the fact that the building/property managers were not required to utilize the services of HSIC and the erroneous statement concerning the necessity of security clearances induced HSIC to submit a proposal in response to the RFP and, upon award of the contract, to incur expenses to perform the contract that, as a result of the erroneous representation and the lack of pertinent, if not vital information, rendered the contract illusory as a result of the lack of mutuality of obligation.

48. As a result of HSIC's reliance upon the specifications and the RFP, HSIC has sustained damages

WHEREFORE, Plaintiff requests that this Court enter an Order:

1. ENTERING JUDGMENT in Plaintiff's favor in the sum of $100,000.00

______________________________

Michael J. Moran, Esquire
Law Office of Michael J. Moran, P.C.
305 W. Chesapeake Avenue, Suite 105
Towson, Maryland 21204
(410) 244,8800

Attorney for Plaintiff

______________________________

Date of Signing

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _____ day of ___________________,2005 I caused a copy of the foregoing paper to be mailed, by first class mail, postage prepaid, to:Tara Hogan, Esquire, Commercial Litigation Branch, Civil Division, Justice Department, Attention: Classification Unit, 8th Floor, 1100 L. Street, Washington, DC 20530

______________________________
MICHAEL J. MORAN