IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEUBECK SPRINKLER INSPECTION COMPANY, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1470c (Judge Bush) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the amended complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. Admits the allegations contained in paragraph 5 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of the contents; otherwise denies.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

8. Admits the allegations contained in paragraph 8 to the extent supported by the document to which it refers, which is the best evidence of the contents; otherwise denies.

9. Denies the allegations contained in the first clause of the first sentence of paragraph 9. Admits the allegations contained in the second clause of the first sentence of paragraph 9. Admits the allegations contained in the second sentence of paragraph 9 to the extent supported by the text of the document to which it refers, which is the best evidence of its contents; otherwise denies.

10. Admits the allegations contained in the first sentence of paragraph 10 only to the extent supported by the contract, which is the best evidence of its contents; otherwise denies. Denies the allegations contained in the second sentence of paragraph 10. Admits the allegations contained in the third sentence of paragraph 10. Admits that HSIC submitted a proposal; denies the remainder of the fourth sentence of paragraph 10 as to what Plaintiff "rel[ied] upon" for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in clause (a) of the first sentence of paragraph 11 only to the extent supported by

the text of the document to which it refers, which is the best evidence of its contents; otherwise denies; denies the remainder of the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegations contained in paragraph 12 only to the extent supported by the modification of the contract, which is the best evidence of its contents; otherwise denies.

13. Admits that HSIC was assigned three task orders; otherwise denies allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the text of the document to which it refers, which is the best evidence of its contents; otherwise denies.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits the allegations in paragraph 16 only to the extent supported by the text of the document to which it refers, which is the best evidence of its contents, and otherwise denies.

17. Admits.

18. Admits.

19. Repeats and realleges the responses to paragraphs 1-18.

20. Admits the allegations of paragraph 20 only to the extent supported by the text of the document to which it refers, which document is the best evidence of its contents.

21. The allegation contained in paragraph 21 is a conclusion of law to which no answer is required.

22. The allegations contained in the first sentence of paragraph 21 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied. The remainder of paragraph 22 constitutes the Plaintiff's prayer for relief and does not require a responsive pleading.

23. Repeats and realleges the responses to paragraphs 1-22.

24. Denies the allegations contained in paragraph 24.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no answer is required.

28. Repeats and realleges the responses to paragraphs 1-27.

29. The allegations contained in paragraph 29 constitute conclusions of law to which no answer is required.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no answer is required.

31. Denies.

32. Denies.

33. Admits the allegations of paragraph 33 only to the extent supported by the text of the documents to which it refers, which document is the best evidence of its contents.

34. The allegations contained in the first sentence of paragraph 34 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied. The remainder of paragraph 34 constitutes the Plaintiff’s prayer for relief and does not require a responsive pleading.

35. Repeats and realleges the responses to paragraphs 1-34.

36. Admits the allegations contained in the first clause of the first sentence of paragraph 36; admits the allegations of the second clause only to the extent supported by the text of the document to which it refers, which document is the best evidence of its contents.

37. Denies the allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38. Denies.

39. Denies the allegations contained in the first sentence of paragraph 39 as to the basis for HSIC submitting a bid for lack of knowledge or information sufficient to form a belief as to its truth; the remainder of the second sentence of paragraph 39 constitutes a conclusion of law to which no response is required. The remainder of paragraph 39 constitutes the Plaintiff's prayer for relief and does not require a responsive pleading.

40. Repeats and realleges the responses to paragraphs 1-39.

41. The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

44. The allegations contained in the first sentence of paragraph 44 constitute conclusions of law to which no answer is required; to the extent they are deemed allegations of fact, they are denied. The remainder of paragraph 44 constitutes the Plaintiff's prayer for relief and does not require a responsive pleading.

45. Repeats and realleges the responses to paragraphs 1-44.

46. Denies the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. The allegations contained in paragraph 47 constitute legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 constitute conclusions of law to which no response is required.

49. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 48, or to any relief whatsoever.

50. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

51. Plaintiff’s claims are barred in whole or in part by accord and satisfaction.

52. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

WHEREFORE, defendant respectfully requests that the Court enter judgment for defendant, dismiss the complaint, and grant

defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:

STEPHEN L. SCHWARTZ
Assistant Regional Counsel
U.S. General Services Administration
301 Seventh St., S.W.
Washington, D.C. 20407

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-7964

July 29, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 29th day of July, 2005 a copy of the foregoing "AMENDED ANSWER AND AFFIRMATIVE DEFENSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Tara K. Hogan